

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2007

# Sander Sales Entr v. Saks Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1085

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sander Sales Entr v. Saks Inc" (2007). *2007 Decisions.* Paper 958.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/958

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1085

———

SANDER SALES ENTERPRISES, LTD.

Appellant.

v.

SAKS INC.; PROFFITTS INC.; McRAE'S,

Appellees.

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-04794)
District Judge: Honorable William G. Bassler

———

Submitted pursuant to Third Circuit LAR 34.1(a)
March 12, 2007

Before: FUENTES, VAN ANTWERPEN, SILER,* Circuit Judges.

_____

* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States
Court of Appeals for the Sixth Circuit, sitting by designation.

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

After the District Court dismissed the complaint of Sander Sales Enterprises ("Plaintiff") pursuant to a settlement agreement, Plaintiff sought to reinstate the complaint because of an alleged breach of the agreement. However, Plaintiff failed to attend the scheduled status conference regarding the reinstatement, and, according to Saks, Inc., Proffitts, Inc., and McRae's (collectively, "Defendant"), failed to timely move to restore its case to the calendar. The District Court denied Plaintiff's request for relief from judgment, and we will affirm.

**I.**

Plaintiff, a manufacturer of bedding products, filed a complaint in the U.S. District Court for the District of New Jersey alleging that Defendant had breached a contract to pay for delivered goods. The case was assigned to a Magistrate Judge and the parties reached a settlement. The terms of the settlement provided that Plaintiff and Defendant would agree to "engage in good faith discussions, in the ordinary course of business, for [Plaintiff] to sell bedding products to [Defendant] and for [Defendant] to buy such products, without obligation to either party to place or accept an order . . . ." (A73.) It

also provided that, if Defendant placed a purchase order with Plaintiff, the matter would be settled provided Defendant paid an additional $20,000. If Defendant did not place an order, however, Plaintiff could either accept $20,000 or seek to reinstate the action. The parties agreed that the case would be "the subject of a 45 day Court Order," under which the case would be dismissed with prejudice unless the parties notified the Court "in writing that the matter ha[d] not been settled." (Id.)

On July 8, 2004, the District Court dismissed Plaintiff's suit in accordance with the settlement, "without prejudice to the right, upon good cause shown within 45 days, or until August 17, 2004, to reopen the action if the settlement is not consummated." (A1.) The Order stated that the terms of the settlement were "incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms." (A1.)

On August 16, 2004, the Clerk's Office for the District of New Jersey received a two-line letter from Plaintiff's attorney stating: "Please be advised that the settlement has not been consummated. We request that the case be restored to active calendar per the order of the court." (A47.) On August 19, 2004, the Magistrate Judge scheduled a Status Conference on the matter for September 7, 2004. Despite apparent attempts by the Magistrate Judge to reach Plaintiff's attorney, Plaintiff did not appear at the conference.[1]

---

[1] Plaintiff's attorney claims he was never notified of this conference. The scheduling of the conference is listed on the District Court's docket. (A26.)

On February 17, 2005—six months after asking the Court to restore the case to the docket—Plaintiff's attorney sent a follow-up letter to the Magistrate Judge inquiring why the case had not "moved," and seeking to "fully restore the case to active status." (A82.) On March 7, 2005, the Magistrate Judge held a telephone conference at which she told Plaintiff's attorney that he had failed to appear at the September conference and that the case was dismissed pursuant to the Court's Order of July 8, 2004. On March 11, 2005, Plaintiff filed a formal motion to reopen the case. After oral argument, the District Court denied Plaintiff's motion, ruling that Plaintiff had failed to file a proper motion under Local Rule 41.1 alleging "good cause" to reopen, and had failed to meet the standard for relief from judgment under Federal Rule of Civil Procedure 60(b).

On appeal, Plaintiff argues that the District Court should have reinstated the action because the terms of the settlement agreement had not been consummated. We review the District Court's decisions not to reinstate the case and to deny relief from judgment under Rule 60(b) for abuse of discretion. Lorenzo v. Griffith, 12 F.3d 23, 26 (3d Cir. 1993).

## II.

On appeal, Plaintiff argues that its August 16 letter was sufficient on its own to vacate the District Court's dismissal Order and to automatically restore the case to the active docket. The District Court disagreed, and we find no abuse of discretion in this determination. In the District of New Jersey, dismissal pursuant to a settlement

agreement is governed by Local Civil Rule 41.1(b), which provides:

> When a case has been settled, counsel shall promptly notify the Clerk and the Court, thereafter confirming the same in writing. Within 15 days of such notification, counsel shall file all papers necessary to terminate the case. Upon failure of counsel to do so, the Clerk shall prepare an order for submission to the Court dismissing the action, without costs, and without prejudice to the right to reopen the action within 60 days upon good cause shown if the settlement is not consummated.

Besides setting a period of 45 days (instead of 60), the District Court's Order dismissing Plaintiff's action mirrored the language of Rule 41.1(b). Like the Rule, the Order required a showing that the settlement was not consummated and a showing of "good cause." Although Plaintiff's letter stated that the settlement had not been consummated, it made no mention of "good cause" for reopening the case. The Magistrate Judge scheduled a conference on the issue, but Plaintiff was not present to offer further argument on reinstatement, and waited six more months before attempting to do so. We do not believe the District Court abused its discretion in determining that more was required of Plaintiff to reinstate the case under Local Rule 41.1(b).

Nor do we believe that relief from dismissal was required. As we have explained previously, Federal Rule of Civil Procedure 60 takes precedence over local rules governing petitions to reinstate an action. Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993). Accordingly, "any time a district court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in

-5-

the rule." Id. (quoting Halderman v. Pennhurst State School and Hospital, 901 F.2d 311, 320 (3d Cir. 1990)) (alterations omitted). In spite of Local Rule 41.1(b), therefore, the District Court properly considered whether Plaintiff's action should be reinstated under Rule 60.

After failing to appear at a scheduled status conference and waiting an additional six months before taking further action, Plaintiff filed a motion under Rule 60 for relief from judgment (at which point the judgment of dismissal was more than eight-months old). The District Court scheduled a hearing that provided Plaintiff the opportunity to demonstrate a basis to reinstate the action. Plaintiff does not challenge the District Court's thorough Rule 60 analysis, and we see no reason to disturb it. Instead, Plaintiff argues that the breach of settlement was enough, by itself, to warrant relief from dismissal. In Sakwa, however, we explained that a breach alone is insufficient to set aside a judgment of dismissal, although it can provide a basis for seeking enforcement of the settlement agreement. Id.

By incorporating the terms of the settlement in its dismissal Order, the District Court retained jurisdiction over its enforcement. See In re Phar-Mor, Inc. Securities Litigation, 172 F.3d 270, 274 (3d Cir. 1999) ("[B]y incorporating the terms of the settlement agreement in the order . . ., a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.") (quoting Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381

-6-

(1994)).  Plaintiff challenges the enforcement of the agreement, arguing that, under its terms, a breach required reinstatement of the case.

As stated in Plaintiff's brief, the agreement required that "(1) [Defendant] would pay [Plaintiff] twenty thousand dollars ($20,000); and (2) [Defendant] would negotiate in good faith with [Plaintiff] to buy bedding products under terms acceptable to both." (Sander's Br. at 4.)  Plaintiff asserts that Defendant never placed a purchase order with Plaintiff and never paid the $20,000.  Before the District Court, Defendant explained that it had not paid the $20,000 only because Plaintiff had continued to pursue reinstatement. Accordingly, the District Court enforced the agreement by ordering Defendant to pay the $20,000 (an order that Defendant does not challenge).  Furthermore, although Defendant did not make a purchase from Plaintiff, the settlement agreement did not require it to do so; it only required negotiations in the ordinary course of business.  The District Court enforced the agreement in accordance with these provisions.[2]

### III.

The District Court ordered Plaintiff's complaint dismissed without prejudice to its moving to reopen within 45 days, as long as the settlement was not consummated and good cause was shown.  The District Court ruled that Plaintiff failed to satisfy Local Rule 41.1(b) and failed to warrant relief from dismissal under Rule 60.  Retaining jurisdiction,

---

[2] To the extent Plaintiff is dissatisfied with the amount it received under the settlement, the fault lies not with the District Court, but with the provisions of the agreement.

it enforced the agreement in accordance with its applicable terms. For the foregoing

reasons, we will affirm.