Stephen P. SLAGE,

v.

The PENNSYLVANIA RAILROAD COM-
PANY, a corporation, Appellant.

No. 14557.

United States Court of Appeals
Third Circuit.

Argued Feb. 6, 1964.

Decided Feb. 27, 1964.

Donald A. Brinkworth, Pittsburgh, Pa.,
for appellant.

Robert B. Ivory, Pittsburgh, Pa.
(Evans, Ivory & Evans, Pittsburgh, Pa.,
on the brief), for appellee.

Before McLAUGHLIN, GANEY and
SMITH, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this Federal Employers' Liability
Act (45 U.S.C.A. § 51 et seq.) claim,
plaintiff was injured when, while riding
a hopper car, the latter was struck from
the rear by another car, causing plaintiff
to be thrown to the ground.

The case was tried to a jury which gave
a verdict in favor of the plaintiff in the
sum of $25,000. There was no trial in-
dication that plaintiff's work for the de-
fendant, prior to the accident, had been
unsatisfactory. At the trial, the evidence
in his behalf was to the effect that in five
years plaintiff's then physical condition
might interfere with his job perform-
ance. The defense medical testimony did
not suggest any present or future de-
terioration of plaintiff's ability to carry
on with his employment.

Following the trial, defendant refused
to permit plaintiff to return to work. It
based this on a medical examination of
plaintiff by its medical officer after the
trial, upon plaintiff's trial testimony and
the medical opinions of his doctor. Plain-
tiff moved for a new trial for additional

damages or on damages alone. Defendant also sought a new trial on the ground the verdict was excessive. The court allowed plaintiff a new trial on damages only.

Prior to the new trial the parties agreed that if a qualified orthopedic surgeon acceptable to both sides, found plaintiff physically qualified for his position of car rider that he would be paid the amount of the first trial verdict with interest and permitted to return to work. Plaintiff was so examined and determined to be fit. The parties then through their attorneys agreed that "the matter shall be at an end." The railroad in the stipulation stated that "Mr. Slage is qualified for all the duties of a trainman" and that it "will permit Mr. Slage to resume his work on the Railroad."

The agreement closed with the following paragraphs:

"[8] (c) If said physician determines that Mr. Slage is not, by reason of any condition in the areas aforesaid, disqualified from performing the duties of a trainman, the Railroad shall, within ten days of the date on which it receives the report of said physician, permit Mr. Slage to resume his work on the Railroad and shall pay Mr. Slage the wages which he would have earned had he worked on each day work was available to him from the first day on which he was disqualified or restricted to the date on which he is permitted to return to duty.

"9. All the foregoing is subject to the availability of work under existing rules, regulations and agreements to one holding the seniority held by Mr. Slage.

"10. Should the Railroad fail to reinstate Mr. Slage as required by Paragraph 8(c) above, the matter shall be brought to the attention of his Honor, Judge Gourley and the case shall be re-opened and tried on such issues as his Honor, Judge Gourley shall, in his sole discretion, deem proper."

On the basis of the agreement, the case was marked settled and dismissed with prejudice. Thereafter defendant advised plaintiff that he had been off duty for such a length of time that he was required to again be examined on the book of rules and the time table before being allowed to go back to work. Plaintiff, on the advice of his attorney, refused to take the named examinations. A petition for the enforcement of settlement was filed on behalf of the plaintiff. The trial court without taking any testimony, on its own motion set aside the settlement and ordered the trial to be had. The trial resulted in a verdict of $72,500 in favor of the plaintiff. This appeal by the defendant is from the resultant judgment.

Appellant first seeks to justify its refusal to allow plaintiff to return to his position after the first trial and thus to validate its contention that the award of a new trial on damages only was unwarranted. It cites plaintiff's trial testimony and that of his doctor. It does not refer to its own trial evidence that Slage was then physically able to return to work. It also cites the post trial examination by its doctor (who had been a trial witness), stressing what plaintiff told that doctor as another reason why it was right in refusing him work. It does not mention or attack the holding of the district judge that "Medical testimony was offered by the plaintiff that in approximately five years the condition experienced by the plaintiff might interfere with the performance of his duties as a railroader, but it was not disputed, under the testimony offered by the plaintiff, that for a period of at least four to five years the employee would be able to pursue his employment and perform the duties assigned to him." We find no merit in the point raised.

■ Appellant next urges that a new trial was not necessary because plaintiff had adequate remedy at law through the employment contract between his labor organization and defendant under the Railway Labor Act. It asserts that the identical issue was considered in Payne

v. Pullman Company, 13 Ill.App.2d 105, 141 N.E.2d 83 (1957).

Neither Payne or the other decisions cited by appellee deal with the situation before us. They are not applicable here. In the one reported opinion we have seen covering our exact problem, Judge J. Skelly Wright in Barnes v. Public Belt R. R. Commission, etc., 101 F.Supp. 200, 203 (D.C.E.D.La.1951) held that "Under Title 45, Section 51 United States Code Annotated [Federal Employers' Liability Act], this court has jurisdiction of the claim by plaintiff against his employer for damages suffered by him through the negligence of his employer. The Railway Labor Act, 45 U.S.C.A. §§ 151–188, has no application to a claim for damages to the employee resulting from the negligence of an employer railroad." See generally Elgin, Joliet & Eastern Ry. v. Burley, 325 U.S. 711, 734, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945); Virginian Ry. Co. v. System Federation No. 40, etc., 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937).

■ Because of what had happened at the trial and thereafter all through no fault of the plaintiff, the trial judge concluded that plaintiff's claim had not been fully presented and determined. This was a vital part of the cause of action pending before the district court which had full jurisdiction of it. The order allowing the new trial for damages only was within the power of the court and was no abuse of discretion.

What we have said above disposes of any necessity for discussion of appellant's point titled "No justification for new trial on basis of fraud or newly discovered evidence."

Appellee also contends that the court had no power to vacate the settlement agreement.

The defendant in the agreement unequivocally gives plaintiff the right to resume his work for the railroad subject only to its availability. Paragraph 10 of the agreement provides that if the railroad fails to so reinstate plaintiff "the matter shall be brought to the at-tention of his Honor, Judge Gourley and the case shall be reopened and tried on such issues as his Honor, Judge Gourley shall, in his sole discretion, deem proper." The matter was brought before the court by petition of the plaintiff for enforcement of the settlement. The court held:

"It appears that conditions as to the re-employment of the plaintiff have been imposed that were not considered, discussed or evaluated by counsel for the parties, or considered by the Court. It further appears that the Pennsylvania Railroad Company, a corporation, defendant, has failed, neglected and refused to comply with the written stipulation upon which the Court premised its Order of Dismissal.

"An oral statement has been made by counsel for the parties this date which definitely indicates that a meeting of the minds did not exist as to the basis for settlement and stipulation of dismissal."

The court then set aside its approval of the stipulation and the order of dismissal based thereon. A date was fixed for a trial as to damages only. Following that there was a petition for reconsideration of plaintiff's petition which was denied. The trial was had shortly thereafter.

■ By the express terms of the stipulation if the railroad failed to reinstate plaintiff the case was to be reopened and tried on such issue as the court directed. The railroad did not reinstate plaintiff. Under the stipulation the only reason why it need not do so was if there was no work available for him. That reason was not alleged by the railroad. The sole ground for refusing Slage his old position was because he would not qualify for employment by taking certain tests and passing them. That condition was not contained in the stipulation and the trial judge, acting specifically under paragraph 10 of the stipulation, first necessarily set the stipulation aside, then reopened the case and set it down for trial. In his order he noted and accepted the statements of counsel for the parties

which he said "definitely indicates that a meeting of the minds did not exist, as to the basis for settlement and stipulation of dismissal." This, if anything, emphasizes the fact that the stipulation did not directly or by inference contain a requirement that plaintiff pass some oral examinations before he could be restored to his job. In view of the unescapable facts the court acted properly and promptly in setting aside the stipulation and the dismissal and putting the case back on the trial list.

The judgment of the district court will be affirmed.