Andrea SAWKA, Appellant

v.

HEALTHEAST, INC. and Richard Duncan.

No. 92–1475.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 5, 1993.

Decided March 26, 1993.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Andrea Sawka contends the district court erred first by denying her petition to reinstate her action, and second by enforcing the settlement agreement between the parties. Because the district court correctly held that Sawka's motion to reinstate her case was untimely, we will affirm that part of its order. However, the district court erred when it enforced the settlement agreement. We will vacate that portion of its order.

I.

This case began as a Title VII/ADEA action in October, 1989. After Sawka's first counsel withdrew, her second attorney negotiated a settlement agreement. The court dismissed the case with prejudice on February 21, 1991, in accordance with Local Rule 23(b).[1]

Later Sawka decided she could not accept certain terms of the settlement contending that certain matters at issue were not addressed in the agreement. Her attorney so notified the court at a conference on April 11, 1991, but did not file a motion to vacate the order dismissing the case. A few months later, her second attorney also withdrew from the case and her third and current attorney, Peter G. Loftus, Esq., entered an appearance.

Peter G. Loftus, Peter G. Loftus, P.C., Scranton, PA, for appellant.

Lawrence B. Fine, Morgan, Lewis & Bockius, Philadelphia, PA, for appellees.

Before: MANSMANN and NYGAARD, Circuit Judges and RODRIGUEZ, District Judge.*

On February 17, 1992, Attorney Loftus moved on behalf of Sawka to reinstate the case and vacate the settlement agreement. Healtheast filed a brief in opposition and a cross-motion to enforce the settlement agreement. The district court denied the motion to reinstate, and because Attorney Loftus filed no response to Healtheast's motion to enforce, the court deemed it un-

---

* Honorable Joseph H. Rodriguez, United States District Judge for the District of New Jersey, sitting by designation.

1. "Whenever in any civil action counsel shall notify the clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, with-out costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal." U.S. District Court, Eastern District of Pennsylvania, Local Rules of Civil Procedure, Rule 23(b).

contested under Local Rule 20(c)[2] and granted it. Loftus then moved the district court to reconsider its order, which the court denied. Sawka appeals.

## II

This case requires that we first resolve a procedural problem: whether Sawka's "petition to reinstate the case" was timely. The district court found, and we agree, that Sawka's petition is clearly late under, and not saved by, Local Rule 23(b), which requires that a petition to reinstate be filed within ninety days.

A petition under Fed.R.Civ.P. 60(b) is timely if "made within a reasonable time and for reasons under (1), (2) and (3) not more than one year after the judgment ... was entered." Although the ninety-day limit of Local Rule 23(b) may properly inform the district court's evaluation of what is "reasonable," Fed.R.Civ.P. 60(b) takes precedence over the local rule. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 255 & n. 8 (3d Cir.1986). We said in *Halderman v. Pennhurst State School and Hospital*, 901 F.2d 311, 320 (3d Cir.1990), "[a]ny time a district [court] enters a judgment, even one dismissing a case by stipulation of the parties, [it] retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule[.]" (quoting *McCall–Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir.1985)). Accordingly, the district court erred by denying Sawka's petition based solely on failure to comply with Local Rule 23(b) and without analyzing whether her delay in filing it was reasonable.

Notwithstanding this analytical error, the district court reached the correct result. Rule 60(b) provides six bases for relief from a judgment. Sawka argues that only two of these might plausibly apply: (1) "mistake, inadvertence, surprise, or excusable neglect," and (6) "any other reason

justifying relief[.]" We conclude that neither applies.

■ In her appellate brief, Sawka argues that the settlement agreement "obviously needs clarification." We think Sawka has waived this argument, because the sole reason Sawka offered in the district court to support her "petition to reinstate the case" was that defendant stopped paying disability payments to her "prior to the agreed upon period," thus allegedly violating the terms of the settlement agreement. Even if we were to reach this contention, however, Sawka points to nothing in the record indicating any mistake, inadvertence, surprise, or excusable neglect. The lack of sufficiently detailed language in the settlement agreement regarding disability payments may be problematic, but the fact remains that the parties *did* enter into a settlement agreement. Based on that agreement, the district court entered a judgment of dismissal. Even if we assume there might have been a mistake, inadvertence or neglect in drafting the terms of the *agreement,* that does not call the validity of the *judgment* into doubt. Accordingly, Rule 60(b)(1) provides Sawka no basis for relief.

■ Sawka's argument under Rule 60(b)(6) fares no better. Assuming *arguendo* that Healtheast breached the terms of the settlement agreement, that is no reason to set the judgment of dismissal *aside,* although it may give rise to a cause of action to *enforce* the agreement. Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur. *Lasky,* 804 F.2d at 256 (quoting *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir.1977)); *Stradley v. Cortez,* 518 F.2d 488, 493 (3d Cir. 1975). Those circumstances are simply not present here, since Sawka may file a separate action on the settlement agreement

---

**2.** "Every motion not certified as uncontested shall be accompanied by a brief[.] ... [A]ny party opposing the motion shall serve a brief in opposition, together with such answer or other response as may be appropriate, within ten (10) days after service of the motion and supporting brief.... In the absence of timely response, the motion may be treated as uncontested." U.S. District Court, Eastern District of Pennsylvania, Local Rules of Civil Procedure, Rule 20(c).

itself.[3] Thus, Sawka's petition simply has no merit as a motion under Rule 60(b), since there is no basis upon which the judgment of dismissal could legitimately be set aside.

### III.

 Sawka also contends the district court erred by entering an order enforcing the settlement. The district court dismissed Sawka's case outright, without prejudice, without incorporating the terms of the settlement, and hence, without specifically retaining jurisdiction to enforce it. Thus the issue Sawka presents is whether a district court has the power to enforce a settlement agreement which is the basis of, but not incorporated into, an order or judgment of the court. We hold it does not.

In *Halderman*, we addressed the issue of whether courts have "inherent jurisdiction to enforce settlement agreements in cases that were once properly before them." 901 F.2d at 317. We concluded that the district court did have jurisdiction to enforce an agreement. But there the agreement was approved by the court and incorporated into its order.[4]

Here the situation is different. Sawka's second counsel confirmed to the district court that a settlement had been reached. But none of this settlement agreement was made part of the judgment of the court, which simply dismissed the action upon representation by counsel that trial would be unnecessary and the matter was settled.

In *Washington Hospital v. White*, 889 F.2d 1294, 1298–99 (3d Cir.1989), we stated in dictum that "a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute[.]" We

adhere to that view and share it with the other federal courts that have addressed this issue. In *Hinsdale v. Farmers National Bank & Trust Co.*, 823 F.2d 993, 995–96 (6th Cir.1987), the Court of Appeals for the Sixth Circuit held that when a district court unconditionally dismissed a settled case with prejudice without retaining jurisdiction, it had no power to later enforce the settlement agreement. *See also Fairfax Countywide Citizens Association v. County of Fairfax*, 571 F.2d 1299, 1303 (4th Cir.1978) (improper to enforce settlement agreement when agreement not incorporated into order of the court); *United Steelworkers of America v. Libby, McNeill & Libby, Inc.*, 895 F.2d 421, 423–24 (7th Cir.1990) (no power to clarify settlement agreement); *McCall–Bey*, 777 F.2d at 1186–89 (dictum, because the district court effectively retained jurisdiction); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 n. 13 (8th Cir.1984) (improper to use contempt power to enforce order merely acknowledging a settlement); *Musifilm, B.V. v. Spector*, 568 F.Supp. 578, 580–81 (S.D.N.Y. 1983) (no power to enforce settlement agreement neither approved by the court nor made part of its order); *Matison v. White*, 760 F.Supp. 109, 112 (S.D.Miss.1991) (similar); *Backers v. Bit–She*, 549 F.Supp. 388, 389 (N.D.Cal.1982) (similar); *Denali Seafoods, Inc. v. Western Pioneer, Inc.*, 92 F.R.D. 763, 764 (W.D.Wash.1981) (similar).

We hold that unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement and here its order doing so will be vacated. *See Hins-*

---

**3.** One case appears to state a contrary rule, but on close examination is distinguishable. In *Kelly v. Greer*, 334 F.2d 434 (3d Cir.1964), the settlement agreement was read into the district court record, evidencing an intent that the court continue to actively supervise performance. Under those circumstances, refusing to vacate the judgment would have created an unexpected hardship. That is not the situation here, as there is no indication that the parties sought the continuing supervision of the district court *ex ante*.

**4.** *See also Hobbs & Co. v. American Investors Management, Inc.*, 576 F.2d 29, 30–31 (3d Cir. 1978) (settlement approved by district court which specifically provided that court retained enforcement jurisdiction); *Kelly*, 334 F.2d at 436 (settlement agreement specifically read into district court record); *Slage v. Pennsylvania R.R. Co.*, 328 F.2d 775, 776 (3d Cir.1964) (settlement agreement specifically provided for enforcement by court in event of breach).

*dale*, 823 F.2d at 996. *Cf. McCall–Bey*, 777 F.2d at 1188.

### IV.

We are troubled that throughout, plaintiff's cause appears to have been the victim of shabby stewardship. When Sawka's second attorney, J. Brian Johnson, Esq., failed to file a motion to vacate the dismissal under Local Rule 23(b), her case was dead. It cannot now be resuscitated by Rule 60(b) when the reasons proffered by counsel do not qualify for consideration under the rule. Moreover, in the district court Attorney Loftus filed no response whatsoever to the motion to enforce the settlement. In that context we can readily understand why the district court deemed the motion uncontested and granted it. The adversary system works well only when each side of an issue is vigorously and competently presented. It is painfully obvious even from the materials presented on appeal that the professional zeal so vital to sharpen the issues of any cause is missing.

### V.

In summary, we will affirm the district court's order refusing to reinstate the case and vacate that portion of its order of April 6, 1992 enforcing the settlement agreement.