**Romance BALLARD, a minor, by her parent, Rozelia BALLARD, Appellants**

**v.**

**PHILADELPHIA SCHOOL DISTRICT.**

**No. 07–1042.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 14, 2008.

Filed April 14, 2008.

---

Mariama Ogilvie, Philadelphia, PA, for Appellants.

Miles H. Shore, School District of Philadelphia Office of General Counsel, Philadelphia, PA, for Appellee.

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Before: SLOVITER, JORDAN and ALARCÓN *, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

This case presents the issue whether the District Court abused its discretion by denying a party's motion to reopen an IDEA case that the parties had reported settled where one of the settling parties later claimed to have signed the settlement agreement under duress, although she claimed no misconduct by the opposing party and was represented by counsel at the time of the settlement.

## I.

Because we write principally for the parties, we limit our recitation of the facts to those relevant to our disposition.

Romance Ballard was thirteen years old and in the fifth grade at Pickett Middle School in the Philadelphia School District ("School District") at the time relevant to this appeal. Having been diagnosed with Trisomy 21, commonly referred to as Down syndrome, Ballard qualifies for special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.[1]

On June 7, 2004, Ballard, through her mother Ms. Ballard, and the School District developed an Individual Education Plan ("IEP") and a Notice of Recommended Educational Placement ("NO-REP"). Ms. Ballard rejected the NOREP because it recommended placing Ballard in a Life Skills Support ("LSS") class for most of the school day, rather than including her in a mainstream class. Ms. Bal-

1. The IDEA was renamed the Individuals with Disabilities Education Improvement Act, effective July 1, 2005. For present purposes, we will refer to the act as the IDEA.

lard sought a Due Process Hearing to resolve the appropriate placement for her daughter, and the Administrative Law Judge ("ALJ") ruled in her favor. In an opinion dated November 24, 2004, he ordered a revision of the IEP, including, among other things, that Ballard be included in a regular education classroom with only one period of LSS and that she be assigned a properly trained one-on-one education assistant and behavior specialist. He also ordered twenty-four hours compensatory education. The School District appealed the ALJ's decision to the Appeals Panel, which reversed the ALJ's decision and ordered that Ballard be placed in a full-time life skills class.

Ms. Ballard appealed that decision to the United States District Court for the Eastern District of Pennsylvania. The Court granted leave to proceed in forma pauperis. After completion of discovery, the Court denied cross-motions for judgment on the administrative record and scheduled the matter for trial on September 26, 2006. On the morning of trial, with Ms. Ballard represented by counsel, the parties agreed to settle all issues, and entered into a settlement agreement which both parties signed. They reported the case settled to the Court, and, in an order filed September 29, 2006, the Court dismissed the case with prejudice pursuant to Local Rule 41.1(b), but subject to reopening within ninety days for good cause, in accordance with Rule 41.1(b). Because the parties had reached a settlement, there was no occasion for the District Court to read the terms of the agreement into the record, and the Court did not approve the settlement. It did not retain jurisdiction to enforce the agreement.

Ms. Ballard was represented by counsel from the Legal Clinic for the Disabled during all proceedings in the District Court, including execution of the settle-ment agreement. Shortly before the scheduled trial and ultimate settlement, Ms. Ballard's attorney notified her that she would be moving out of state, although counsel was present for the execution of the settlement agreement. Following the execution of the settlement agreement, Ms. Ballard's attorney arranged for replacement counsel to take over her case, but Ms. Ballard filed a motion seeking to withdraw replacement counsel and to proceed pro se in the post-settlement matters. The District Court granted Ms. Ballard's request for withdrawal of counsel.

Two months after the settlement and the dismissal of the case, Ms. Ballard filed a pro se motion to vacate the dismissal of the case and the settlement agreement. She claimed that she signed the settlement agreement under duress because her attorney pressured her and because she was given one document almost two weeks before the settlement and then another document the night before the settlement. She also claimed that the agreement did not "come close to satisfying the justice due for my daughter or covering the cost of the expenses [in]curred in the process. . . ." App. at 42.

The Court denied the motion to vacate the settlement agreement and to reopen the case. The Court held that Ms. Ballard had not made a showing of duress, in light of the fact that she was represented by counsel and admitted that she had signed the agreement upon the advice of counsel. The Court also rejected Ms. Ballard's other contention, which was that the settlement terms did not cover her costs in pursuing litigation. The District Court rejected that argument, reasoning that "[g]ood cause cannot be found simply because one party changed her mind after entering into an otherwise valid agreement." App. at 3. Essentially, the Court determined that Ms. Ballard's second

thoughts about the prudence of the settlement agreement did not constitute good cause to reopen the case. *See* App. at 3.

Ms. Ballard filed a timely appeal, raising four arguments: (1) there was no meeting of the minds about the terms of the settlement agreement because she was under duress when she signed it; (2) there was no meeting of the minds between client and attorney; (3) counsel was ineffective; and (4) she should have been given ninety days to reconsider under the terms of Local Rule 41.1(b). In her appellate brief, Ms. Ballard argues, through counsel, that the District Court erred in declining to set aside the settlement agreement into which Ms. Ballard entered unknowingly and waived her child's civil right to a free appropriate public education ("FAPE"). She also argues that the District Court erred by applying the Rule 41.1(b) standard for dismissal rather than the "totality of the circumstances" standard set forth in *W.B. v. Matula,* 67 F.3d 484, 493 (3d Cir. 1995).

In response, the School District argues that the District Court did not abuse its discretion in failing to find good cause to reopen the case where Ms. Ballard was represented by counsel and knowingly entered into a settlement agreement but later changed her mind.

## II.

We review the District Court's decision not to reopen the case for abuse of discretion. *See Reform Party of Allegheny County v. Allegheny County Dep't of Elections,* 174 F.3d 305, 311 (3d Cir.1999) (en banc).

## III.

Local Rule 41.1(b) provides:

[w]henever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal.

E.D.Pa. L.R. Civ. P. 41.1(b) (2007).

■ The District Court concluded that Ms. Ballard had not made a showing of duress, and we agree. She made no allegation that the School District or a third party threatened her. That she felt pressure from her counsel or that she felt that she was under time constraints does not amount to duress under the law.[2] In addition, the fact that Ms. Ballard later believed that the settlement terms did not provide adequate relief for her daughter does not render the agreement invalid. We have held that "[s]ettlement agreements are encouraged as a matter of public policy ...," and "allow[ing] parents to void settlement agreements when they become unpalatable would" undercut that policy. *D.R. v. E. Brunswick Bd. of Educ.,* 109 F.3d 896, 901 (3d Cir.1997). Thus, the District Court did not abuse its discretion under Local Rule 41.1(b) by declining to find good cause in Ms. Ballard's request to void the settlement agreement and reopen the case.

■ We have also held that Rule 60 of the Federal Rules of Civil Procedure takes precedence over local rules governing a petition to reopen a matter. *See Sawka v.*

---

2. We venture no opinion whether these allegations, if proven, would provide a basis for a claim of malpractice. They do not affect the validity of the settlement agreement itself.

*Healtheast, Inc.,* 989 F.2d 138, 140 (3d Cir.1993). Therefore, "any time a district court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule." *Id.* (citations and internal quotations omitted). However, Ms. Ballard did not raise an argument regarding Rule 60 in the District Court, and it is therefore waived. Even had the District Court considered whether Rule 60 provided Ms. Ballard any basis for relief, that would not have changed the result. The only one of the six grounds enumerated in Rule 60(b) that is even potentially applicable here—whether "(6) any other reason [ ] justifies relief"—provides relief "only in cases evidencing extraordinary circumstances." *Reform Party of Allegheny County,* 174 F.3d at 311 (citation and internal quotations omitted). The circumstances here are not "extraordinary."

■ Ms. Ballard argues, in effect, that the District Court abused its discretion by not reopening the case because the settlement agreement was void as against public policy and law because it denied Ballard a FAPE. Therefore, Ms. Ballard argues, the District Court should have made a determination, looking at the totality of the circumstances, whether the settlement agreement provided Ballard with a FAPE.

However, there was no occasion for the District Court to have reviewed the settlement agreement. The parties did not ask the Court to approve the settlement agreement; it was not read into the record; it was not approved by the District Court; it was not incorporated into the dismissal order; and the Court was not asked to enforce it. The Court did not even have the full settlement agreement before it, and it is not clear that the Court was even made aware of its terms. The Court, therefore, was not "lend[ing][its] aid to the enforcement of an unlawful contract." *See Allied Erecting & Dismantling Co., Inc. v. USX Corp.,* 249 F.3d 191, 196 (3d Cir. 2001).[3]

A parent can waive her child's right to a FAPE. *See Fitzgerald v. Camdenton R–III School Dist.,* 439 F.3d 773, 775 (8th Cir.2006). The fact that Ms. Ballard entered into a settlement agreement, which she now contends falls short of providing her daughter with a FAPE, does not inherently violate law or public policy. Parties routinely enter into agreements to resolve litigation. An agreement is not void because a party settled for less than s/he later believes the law provides.

This principle is fully applicable here. Ms. Ballard was represented by counsel,[4] and alleges no ill conduct by the School District. In conclusion, because this is not one of the extraordinary circumstances in which Rule 60(b)'s catch-all provision applies, the District Court did not abuse its discretion in refusing to reopen the case.

## IV.

For the above-stated reasons, we will affirm the judgment of the District Court denying Ms. Ballard's motion to reopen

---

**3.** Moreover, our decision in *Matula,* 67 F.3d at 488, does not apply here because that case involved the question whether a waiver of claims set forth in a settlement agreement was sufficiently clear to constitute a valid waiver. Unlike in *Matula,* arising out of the court's decision granting summary judgment to defendants, this is not a case in which the very basis of the lawsuit was plaintiff's request that the District Court decide the validity of a particular contract provision.

**4.** Although Ms. Ballard suggests prior counsel may have been ineffective, that claim is limited to criminal cases.

the case and vacate the settlement agreement.