NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1860
_____

LEWIS J. DeMATTHEWS,

Appellant

v.

THE HARTFORD INSURANCE COMPANY;
FOODARAMA SUPERMARKETS, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-03053)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2010
Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Filed: November 18, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

      Appellant Lewis DeMatthews, proceeding pro se, appeals from the order of the

United States District Court for the District of New Jersey denying his motion to reopen.

For the reasons that follow, we will affirm.

DeMatthews, then represented by counsel, initiated the underlying action in July 2006, filing suit against Appellee[1] under the Employee Retirement Income Security Act of 1974 ("ERISA"), in an attempt to recover long-term disability benefits. In 2002, after being diagnosed with back ailments and mental disorders, DeMatthews applied for and was awarded disability benefits to be paid for by The Hartford Insurance Company ("Hartford"). On January 17, 2006, Hartford informed DeMatthews that his long-term disability benefits were being terminated effective immediately. DeMatthews filed an administrative appeal which was denied. He then filed the instant suit. Hartford answered, alleging as an affirmative defense that under the terms of the group benefit plan, it was entitled to offset or reduce the benefits received by DeMatthews by the amount which had been paid to him in Social Security Disability Income benefits.[2]

In November 2006, the matter was referred to mediation. The parties agreed to a settlement during mediation and requested that the case be dismissed, which it was on February 28, 2007.[3] In its order of dismissal, the Court retained jurisdiction to the extent necessary to enforce the terms and conditions of the settlement. In April 2007, Hartford filed a motion to enforce the settlement agreement. Hartford indicated that it and

---

[1] By stipulation of the parties, the action was dismissed with prejudice against Foodarama Supermarkets, Inc. on August 9, 2006. Accordingly, we will refer to The Hartford Insurance Company as the sole Appellee.

[2] Appellee later alleged that this amounted to $39,286.00.

[3] Unless otherwise noted, all relevant proceedings took place in front of the Magistrate Judge.

DeMatthews' attorney, who had been given authority to enter an agreement on his client's behalf, agreed that Hartford would make a single payment to DeMatthews in the amount of $12,500, and, in exchange, Hartford would release its Counterclaim. After the complaint was dismissed, DeMatthews refused to execute the Settlement Agreement and General Release. Hartford then returned to the District Court to file a motion to enforce the settlement. In response, DeMatthews submitted several letters to the Court pro se, indicating that he never settled the case nor did he agree to a settlement.

The District Court scheduled a hearing for November 15, 2007. Two of DeMatthews' attorneys were present at the hearing: Gregg Hobbie, who had represented him during settlement negotiations, and Jeffrey Pocaro, who DeMatthews retained to represent him for the purposes of the enforcement hearing. Pocaro and DeMatthews had also been friends for twenty-five years. DeMatthews testified that, prior to the hearing, he and Pocaro had discussed his options. As a result of their discussion, he had decided to sign the settlement agreement and withdraw his opposition to its enforcement. He was questioned by Pocaro about his understanding of the settlement and his reasons for agreeing to it. He was also questioned by Pocaro and the Court regarding his mental state and the prescription drugs he was on during the hearing. Both DeMatthews and Pocaro indicated that DeMatthews could understand and participate in the proceedings and settlement negotiations and that there was no indication that he was impaired by the medication.

Based on his representations at the hearing, the Court found that DeMatthews

3

intended to enter into the agreement, that it was knowing and voluntary, and that he was aware of the rights he was giving up, and recommended that the terms of the agreement be accepted. The matter was dismissed with prejudice on January 25, 2008.

On February 24, 2009, DeMatthews sent a letter to the Court pro se, requesting that the case be reopened and the settlement agreement set aside. The Court instructed him to file a formal motion stating the grounds for such relief, which DeMatthews did on June 16, 2009. In it, he alleged that the day he appeared in Court, he was pressured to settle and was under the influence of multiple medications, that he still needed a number of surgeries, and that the mediation process was unfair and biased toward Hartford.

The Court held that the motion to reopen was governed by Federal Rule of Civil Procedure 60(b). See Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993) (stating that even cases dismissed by stipulation of parties remain subject to reopening under Rule 60(b)). The Court found that the only provisions of Rule 60(b) invoked by DeMatthews' motion to reopen were subsection (3) regarding fraud, misrepresentation, or misconduct by an opposing party, and subsection (6) the "catch-all" provision. With respect to Rule 60(b)(3), the Court held that the motion was untimely as it was not filed within a year of entry of the judgment. As to Rule 60(b)(6), the Court held that DeMatthews understood and voluntarily agreed to the terms of settlement, that the Court was not convinced that he was not competent or unable to make an informed decision about the settlement agreement, that nothing had occurred since the date of the hearing to call into question the legitimacy of the settlement agreement, and that DeMatthews

4

therefore had not demonstrated any "extraordinary circumstances" to warrant reopening. The District Court affirmed, and DeMatthews appealed pro se.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. As relevant here, we review grants or denials of relief under Rule 60(b) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). DeMatthews does not argue that any subsections of Rule 60(b) other than (3) or (6) apply to his case. The District Court clearly acted within its discretion in concluding that, to the extent DeMatthews' motion raised a claim for relief under Rule 60(b)(3), it was not timely.[4] See Fed. R. Civ. P. 60(c) (motions made pursuant to Rule 60(b)(1)-(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding").

With respect to subsection (6), we have recognized "a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." Budget Blinds, 536 F.3d at 255. "[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment

---

[4] To the extent DeMatthews argues that the one-year limitations period should be equitably tolled, we disagree. Assuming equitable tolling applies to Rule 60(b) motions, "equitable tolling requires deceit or some other extraordinary grounds for relief." See George Harms Constr. Co. v. Chao, 371 F.3d 156, 162 (3d Cir. 2004); see also Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) (explaining that equitable tolling should be applied sparingly, such as where the party was actively misled by the court or opposing party, was prevented "in some extraordinary way" from asserting his rights, timely asserted his rights in the wrong forum, or some other similar circumstance). Because we conclude that DeMatthews has not demonstrated "exceptional circumstances" sufficient to warrant reopening under Rule 60(b)(6), we cannot conclude that the District Court erred in declining to toll the one-year time period for filing a Rule 60(b) motion.

5

that resulted from the party's deliberate choices." Id. It is clear that a party who is simply "trying to escape the effects of a bargain it regretted in hindsight" has not demonstrated exceptional circumstances sufficient to warrant reopening under Rule 60(b)(6). Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Here, DeMatthews argues that he was addicted to pain medications and alcohol during his hearing before the Magistrate Judge and was pressured into agreeing to the settlement. Had the Magistrate Judge not held a hearing at which she was personally able to observe DeMatthews and assess his responsiveness, demeanor, and ability to comprehend the terms of the settlement, our decision would be much more difficult. Under the circumstances, however, we cannot conclude that the Court erred in determining that DeMatthews knowingly and voluntarily entered into the settlement agreement. Accordingly, we cannot say that the Court abused its discretion in denying his motion pursuant to Rule 60(b)(6).

Based on the foregoing, we will affirm the judgment of the District Court.[5]

---

[5] DeMatthews also argues on appeal that Judge Wolfson should have recused herself from his case on the ground that members of her family own and operate Shop-Rite Supermarkets in New Jersey and that Shop-Rite was his former employer. The record does not reflect that DeMatthews timely raised this issue before Judge Wolfson in the first instance. See 28 U.S.C. § 144 (a party alleging that a judge has a personal bias or prejudice must file an affidavit with that judge ten days before the beginning of the term at which the proceeding is to be heard); United States v. Rosenberg, 806 F.2d 1169, 1173 n.3 (3d Cir. 1986) ("A disqualification motion filed after trial and judgment is usually considered untimely unless good cause can be shown for the delay . . . ."). Additionally, Foodarama Supermarkets, Inc. was dismissed from the underlying lawsuit on August 9, 2006. Thus there was no basis for Judge Wolfson to disqualify herself under 28 U.S.C. § 455.

Hartford's motion to strike certain exhibits submitted by DeMatthews is granted. Although DeMatthews argues that the documents Hartford seeks to strike from the record -- a list of his medications and calculations made by his attorney with respect to settlement -- were used during the District Court proceedings, because these documents would not affect the outcome of our decision, we will grant Hartford's motion. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226-27 (3d Cir. 2009) (explaining that this Court may permit a party to supplement the record on appeal in "exceptional circumstances" such as "(1) [if] the proffered addition would establish beyond any doubt the proper resolution of the pending issue; (2) [if] remanding the case to the district court for consideration of the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) [if] the appeal arose in the context of a habeas corpus action.").