**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3363
_____

In re:  NORTEL NETWORKS, INC.; et al., Debtors

Ernest Demel,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-14-cv-01215)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2016

Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: November 4, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ernest Demel appeals the District Court's order affirming an adverse order issued by the Bankruptcy Court. For the reasons detailed below, we will affirm the District Court's judgment.

In 2007, Demel, a former employee of a subsidiary of Nortel Networks, Inc. (NNI), filed an action in the United States District Court for the Southern District of New York. See S.D.N.Y. Civ. A. No. 07-cv-0189. Demel sought to recover disability benefits from the subsidiary's benefit and retirement plans.

In 2009, NNI and certain of its U.S.-based subsidiaries (collectively, "NNI") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Demel filed a proof of claim against NNI in the amount of $1,924,557.70 relating to the benefits at issue in the Southern District of New York action. Ultimately, Demel (through counsel) and NNI stipulated that Demel's claim would be allowed as a general unsecured claim of $125,000, and that Demel would release any further claims against NNI. On October 14, 2010, the Bankruptcy Court approved the stipulation. See Fed. R. Bankr. P. 9019. In 2013, NNI entered into a settlement with an Official Committee of Long Term Disability Participants to discontinue the benefit programs that it traditionally administered in return for an allowed general unsecured claim of nearly $26 million.

In June 2014, Demel, relying on Federal Rules of Bankruptcy Procedure 9023 and 9024, filed a motion in the Bankruptcy Court to amend the stipulation. He sought to (1) alter language in one section to clarify that he was permitted to transfer his claim; (2) increase the value of his claim to $1,674,365; and (3) treat his claim as part of the larger

2

long-term disability settlement.  After holding a hearing, the Bankruptcy Court denied amendments (2) and (3); as for amendment (1), the court emphasized in its order that nothing in the initial stipulation prohibited Demel from transferring his claim.  Demel appealed to the District Court, which affirmed the Bankruptcy Court's judgment.  Demel then filed a timely notice of appeal to this Court.  He has also filed multiple motions to expand the record and a motion to seal certain medical records that he has filed in this Court.

The District Court exercised jurisdiction over the appeal of the Bankruptcy Court's order under 28 U.S.C. § 158(a).  We have jurisdiction under § 158(d)(1).  We review the Bankruptcy Court's denial of a motion under Rule 9024 for abuse of discretion.  See In re Glob. Energies, LLC, 763 F.3d 1341, 1347 (11th Cir. 2014) (per curiam); see also Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (so ruling with respect to Rule 60(b)).

We will affirm the District Court's order.  Demel's motion sought relief under Fed. R. Bankr. P. 9024, which provides that Fed. R. Civ. P. 60 applies in bankruptcy proceedings.  The only subsection of Rule 60 that is arguably relevant here is Rule 60(b)(6).[1]  See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273-75 (3d Cir. 2002)

---

[1] A motion under Rule 60(b)(1)–(3) must be filed within one year of the judgment that is challenged, see Rule 60(c)(1), and Demel filed his motion nearly four years after the stipulation was approved.  Demel is entitled to no relief under Rule 60(b)(4) because he argues only that the stipulation is unfair, not that the Bankruptcy Court "lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'"  Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 266 (1883)).  Nor does subsection (b)(5) apply here, since the Bankruptcy Court's judgment has not been

(analyzing challenge to court-approved settlement agreement under Rule 60(b)). To be entitled to relief under Rule 60(b)(6), Demel must show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Demel has not made that showing.

Demel first asked the Bankruptcy Court to edit the stipulation to clarify that his claim was transferrable. The relevant provision states as follows: "8. No Transfer. Claimant represents that he has not sold, assigned or otherwise transferred the claim to a third party." J.A. at 127. Demel sought to amend the stipulation to eliminate the word "no" in the heading to ensure that a potential purchaser of his claim would not believe that Demel could not transfer it. The Bankruptcy Court stated that it did not believe that any purchaser would be confused, and, in denying Demel's motion to amend, specifically stated in the order that "The Court recognizes that there is no prohibition whatsoever as to the transfer of the Claim." J.A. at 10. While Demel believes that he should have been awarded the precise relief he sought, his unfounded concerns about marketability do not amount to "extraordinary circumstances."

---

satisfied or vacated and is not "prospective" under the relevant standards. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 272-73 (3d Cir. 2002). The District Court treated Demel's motion as arising under Fed. R. Bankr. P. 9023, which provides that Fed. R. Civ. P. 59 applies in bankruptcy proceedings, but a motion under this rule must be filed "no later than 14 days after entry of judgment," so any such motion was grossly untimely.

Demel's two additional arguments — requests (2) and (3) before the Bankruptcy Court — are that he settled for too little[2] and that he would have been better off joining the larger long-term benefit settlement. However, "even if [his] decision to settle was improvident in hindsight, the decision has been made and cannot be revisited." Coltec Indus., Inc., 280 F.3d at 275 (affirming denial of Rule 60(b)(6) motion seeking to invalidate a settlement agreement, explaining that the appellant "must bear the consequences of its informed, counseled and voluntary decision" to settle).

Before this Court, Demel argues at some length that his attorney did not have authority to enter into the settlement agreement on his behalf. At the hearing before the Bankruptcy Court, Demel made a number of statements that are inconsistent with this theory. See, e.g., JA at 16 ("we settled for a very low amount because it was at the very preliminary stage of bankruptcy"). In any event, as the District Court explained, Demel did not raise that argument before the Bankruptcy Court and consequently waived it. See In re Kaiser Grp. Int'l Inc., 399 F.3d 558, 565 (3d Cir. 2005). The same conclusion applies to Demel's undeveloped assertions that NNI somehow committed fraud.

Accordingly, we will affirm the District Court's judgment. Demel's motions to expand the record are denied. See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d

---

[2] Demel seems to assume that the amount he identified in his proof of claim — $1,924,557.70 — represents the amount that he should have received, but he has offered no evidence to support that valuation, and indeed, the Bankruptcy Court observed that there was "substantial uncertainty as to the validity of [his] claim." JA 28. Demel also suggests that he believed that money would be distributed to him more quickly than it has been, but there is nothing in the stipulation that would displace the standard rule that distributions are made once a plan is confirmed. See Fed. R. Bankr. P. 3021.

Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances"). Demel's motion to seal his medical records is granted.