**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1526
_____

MICHAEL JONES,
                              Appellant

v.

U.S. DEPARTMENT OF EDUCATION; SECRETARY OF THE U.S. DEPARTMENT
OF EDUCATION; PENNSYLVANIA DEPARTMENT OF LABOR & INDUSTRY;
OFFICE OF VOCATIONAL REHABILITATION;
BUREAU OF BLINDNESS AND VISUAL SERVICES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-01667)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2017

Before: SHWARTZ, NYGAARD, and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 6, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Michael Jones appeals pro se from the District Court's February 17, 2017 order denying his post-judgment attack on the settlement agreement reached in his case. For the reasons that follow, we will summarily affirm that order.

I.

In 2014, Jones filed a counseled complaint in the District Court against multiple defendants, seeking review of an arbitration decision issued by a panel convened by the United States Department of Education ("DOE") pursuant to the Randolph-Sheppard Act, 20 U.S.C. § 107 et seq.[1] In September 2015, the District Judge referred the case to a Magistrate Judge to conduct a settlement conference. In October 2015, the District Judge was informed that the parties had settled the case. As a result, the District Judge dismissed the case with prejudice, stating that the Magistrate Judge "shall retain jurisdiction over this matter to enforce the settlement terms." (Dist. Ct. Order entered Oct. 27, 2015.) No party appealed from that dismissal order, and the settlement agreement was signed by the parties in December 2015.

---

[1] Under this statute, "the federal government, in partnership with consenting states, seeks to provide economic opportunities to the blind by granting priority to licensed blind vendors in contracts to operate vending facilities on federal property." New Hampshire v. Ramsey, 366 F.3d 1, 5 (1st Cir. 2004) (emphasis omitted). A blind licensee who is dissatisfied with the operation of a participating state's vendor program may seek a hearing before that state's licensing agency. See id. at 6. The licensee may appeal the outcome of that hearing to a DOE panel, and judicial review of the panel's decision may be sought in federal court. See id. The complaint brought by Jones, who is blind and was a licensee in Pennsylvania's vendor program, revolved around the state licensing agency's failure to award him a particular vending site.

In September 2016, Jones sent a pro se email to the Magistrate Judge, stating that "there may be serious challenges with th[e] settlement agreement." (Dist. Ct. docket # 52-1, at 4.) The Magistrate Judge construed the email as a request to revoke the settlement agreement and held a telephone conference with the parties to discuss the issue. During that conference, Jones claimed that he had agreed to the settlement under duress, that he had not received a Braille copy of the agreement before settling (as mentioned in Footnote 1, Jones is blind), and that a defendant had breached the agreement. At the end of the conference, the Magistrate Judge determined that, although Jones may not have received a Braille copy of the settlement agreement, Jones had ample time to confer with his family and three separate attorneys before settling. The Magistrate Judge found that those attorneys, who were "all extremely competent, extremely patient, extremely well informed, and advocated vigorously on behalf of Mr. Jones," "advised him of his rights and the advisability of entering the agreement which he signed." (Tr. of Telephone Conference held Sept. 30, 2016, at 24.) The Magistrate Judge noted that "the agreement includes significant benefits for Mr. Jones," (id.),[2] and found that the defendant in question had complied with the agreement, (see id.). The Magistrate Judge also noted that Jones had previously represented to the defendants that he was entering into the agreement without any duress or undue influence from anyone. (See id.

---

[2] As part of those benefits, Jones received $365,000 (another $85,000 was awarded to his three attorneys) and an approximately $30,000 debt of his was forgiven.

3

at 23-24.) Immediately after the conference, the Magistrate Judge entered an order denying Jones's request to revoke the settlement as frivolous.

A few weeks later, Jones filed a pro se notice of appeal, seeking *our* review of the Magistrate Judge's order. We dismissed that appeal in January 2017, explaining that we lacked jurisdiction to review that order because Jones had not appealed to the District Judge in the first instance. (See Jan. 19, 2017 Order entered in C.A. No. 16-4015.) Jones then returned to the District Court and filed a pro se "Emergency Motion," effectively asking the District Judge to vacate the settlement and reopen his case. (See Jones's Emergency Mot. 5 ("I am asking the court to open this Settlement and reverse it. . . . I am willing to return the money given to me [as part of the settlement].").) As before, Jones claimed that he had agreed to the settlement under duress, and that he had not been provided with a Braille copy of the agreement. The District Judge treated this new motion as a request for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b). On February 17, 2017, the District Judge denied that relief. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Judge's denial of relief under Rule 60(b) for abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003).[3] "An abuse of discretion may be

---

[3] Jones does not challenge the District Judge's decision to treat his motion as a request for Rule 60(b) relief, and we see no error in that treatment. See Sawka v. Healtheast, Inc.,

4

found when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (internal quotation marks omitted). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

As the District Judge highlighted, the Magistrate Judge "held a series of conferences at which he was personally able to observe [Jones] and assess his responsiveness, demeanor, and ability to comprehend the terms of the settlement, and observe the guidance provided to Jones by his attorneys in reaching the settlement." (Dist. Ct. Op. entered Feb. 17, 2017, at 4 (alteration in original) (internal quotation marks omitted).) With the benefit of those observations, and after considering the parties' arguments during the post-settlement telephone conference, the Magistrate Judge found that Jones had not entered into the settlement under duress, and that his attorneys had "advised him of his rights and the advisability of entering the [settlement] agreement." (Tr. of Telephone Conference held Sept. 30, 2016, at 24.). The District Judge subsequently relied on those findings in assessing the Rule 60(b) motion, and he

---

989 F.2d 138, 140 (3d Cir. 1993) (explaining that "[a]ny time a district [court] enters a judgment, even one dismissing a case by stipulation of the parties, [it] retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule") (alterations in original) (quoting Halderman ex rel. Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311, 320 (3d Cir. 1990)); see also Raab v. City of Ocean City, N.J., 833 F.3d 286, 294 (3d Cir. 2016) (explaining that a district court has jurisdiction to enforce a settlement agreement when its order dismissing the case specifies that jurisdiction over that agreement is being retained) (citing

concluded that Jones had knowingly and voluntarily entered into the settlement. Jones has not demonstrated that this conclusion was error or that the factual findings undergirding it were clearly erroneous. Accordingly, we cannot conclude that the District Judge abused its discretion in denying Jones relief under Rule 60(b).[4]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's February 17, 2017 order.

---

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)).

[4] To the extent that Jones claims that the District Judge should have held an evidentiary hearing before ruling, that claim does not entitle Jones to relief here. Jones has not established that an evidentiary hearing was necessary, for the Magistrate Judge had already held a telephone conference to address Jones's concerns about the settlement, and Jones has not specified what evidence he would have presented at the evidentiary hearing. See generally McDowell v. Phila. Hous. Auth., 423 F.3d 233, 238 (3d Cir. 2005) (indicating that a district court has discretion to rule without holding an evidentiary hearing).