**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3760

_____

DANIEL BARKER; KRISTEN BARKER, H/W; WILLIAM B. CAREY, III;
MATTHEW J. FISCHER; WILLIAM COOKSON; DONNA SPINELLI;
JOHN DUNLAP; CAROL DUNLAP, H/W; MATTHEW FARMER;
DANIELLE FARMER, H/W; DONALD FERRO; JENNIFER FERRO, H/W;
JERRELL GATLIN; CORNELLA GATLIN, H/W; ANDREW BROWN;
TRACEY BROWN, H/W; JOHN HARRIS; ELIZABETH HARRIS, H/W;
DOLORES HAUBNER; THOMAS KERN; HEIDI KERN; JOSEPH MCSORLEY;
AUDREY MCSORLEY, H/W; DANIEL MEYERS; JENNIFER MEYERS, H/W;
DANIEL MORTIMER; SHANNON MORTIMER, H/W; STEVEN PIERI;
DEBRA PIERI, H/W; JOHN POTTS; MARY POTTS, H/W; WILLIAM
SUDNIKOVICH; CYNTHIA SUDNIKOVICH, H/W; AUGUSTINE TESTA; MARA
TESTA, H/W; TRAVIS THOMAS; ERICA THOMAS, H/W; MICHAEL WEBER;
JOAN WEBER, H/W; DEREK WHIPPLE; ANNETTE WHIPPLE, H/W; JOSEPH
CORCORAN;  JANINE PHAYRE; ERIC PELT; WANDA PELT, H/W,

*Appellants*

v.

WILMER L. HOSTETTER; JOYCE L. HOSTETTER;
KEYSTONE CUSTOM HOMES, INC; WILLOW CREEK, LLC

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-13-cv-05081)
District Judge: Honorable Wendy Beetlestone
_____

Submitted December 11, 2018
_____

Before: SMITH, McKEE and FISHER, *Circuit Judges*.

(Opinion Filed: July 25, 2019)

_____

OPINION[*]

_____

McKEE, *Circuit Judge*.

This appeal requires us to decide whether the District Court abused its discretion when it refused to retain jurisdiction over a settlement agreement. We will affirm.

Following years of litigation, the District Court ultimately issued an electronic order dismissing the case under Local Rule 41.B.[1] The order did not indicate that the Court would retain jurisdiction. Nor did the order reflect the terms of the settlement agreement. The District Court therefore did not retain jurisdiction over the case pending the perfection of the terms of the settlement agreement.[2]

The plaintiffs appealed the District Court's decision to dismiss the case without retaining jurisdiction. We review a District Court's choice to retain jurisdiction over a dismissed case for abuse of discretion.[3] If a district court elects to retain jurisdiction over a settlement agreement after a case is dismissed, it must indicate that choice in its

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] E.D. Pa. Local Rule 41(b).

[2] *See Sawka v. Healtheast, Inc.*, 989 F.2d 138 (3d Cir. 1993) ("The district court dismissed [the] case outright, without incorporating the terms of the settlement, and hence, without specifically retaining jurisdiction to enforce it.").

[3] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994); *Brass Smith, LLC*, 827 F. Supp. 2d 377, 381 (D. N.J. 2011).

2

dismissal order.[4] The court is under no obligation to retain jurisdiction, and the parties' "agreement" that the court do so is not determinative.[5]

Having reviewed the record, we hold that the court did not abuse its discretion when it chose not to retain jurisdiction. The terms of the settlement agreement are clear. If they are not satisfied, the parties may initiate a new action to seek their enforcement. Accordingly, we will affirm the order of the District Court dismissing the case without retaining jurisdiction.

---

[4] *Kokkonen*, 511 U.S. at 381.
[5] *Id.* ("If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.").