NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1144
_____

CHRIS JUDAY;
PAT JUDAY,
            Appellants

v.

MERCK & CO INC;
MERCK SHARP & DOHME CORP; ANN REDFIELD

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-16-cv-01547
District Judge: The Honorable Harvey Bartle, III

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*

(Filed:  March 26, 2020)
_____

OPINION*
_____


SMITH, *Chief Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Chris and Pat Juday sought compensation for certain injuries allegedly caused by Zostavax, a shingles vaccine. However, by the time they sued drug maker Merck,[1] the applicable statutes of limitations had run—absent proper tolling.

As part of its tolling inquiry, the District Court assessed the Judays' purported evidence of Merck's fraudulent concealment of certain information about Zostavax. Finding no evidence of wrongdoing, the Court granted summary judgment to Merck. We affirmed. *Juday v. Merck & Co Inc*, 730 F. App'x 107 (3d Cir. 2018).

The Judays sought post-judgment relief based in part on Federal Rule of Civil Procedure 60(b)(6), which accounts for "any other reason that justifies relief."[2] They flagged their prior counsel's "failure to request *any* discovery," despite the production in other litigation of evidence allegedly demonstrating fraudulent concealment. App. 072. But prior counsel had otherwise participated in the litigation—via briefing and oral argument—so the District Court surmised that counsel "made a deliberate, maybe improvident" choice not to pursue discovery in this litigation. App. 18. The Court denied vacatur because counsel's behavior fell short of the "'extraordinary circumstances' justifying the reopening of a final

---

[1] Defendant-Appellees are Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck"). Claims against Defendant Ann Redfield were dismissed prior to summary judgment and are not at issue.

[2] The Judays also sought relief under Rule 60(b)(5). On appeal, however, they do not challenge the Rule 60(b)(5) aspect of the District Court's decision.

judgment." App. 014, 016, 018 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)) (internal quotation marks omitted).

The Judays timely appealed.[3] Our review of the District Court's Rule 60(b)(6) decision is "limited and deferential." *Gonzalez*, 545 U.S. at 535. We merely consider whether the Court abused its discretion. *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).[4]

The Court was justified in determining that prior counsel's conduct did not fall to a level warranting Rule 60(b)(6) relief. In this litigation, refraining from discovery was not "neglect so gross that it is inexcusable." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977–78 (3d Cir. 1978) (relief warranted for failure to file summary judgment opposition in this case and over fifty others while campaigning for judicial office and facing other docket control issues).[5] Moreover,

---

[3] The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

[4] We grant Merck's Motion to Take Judicial Notice and for Leave to File Second Supplemental Appendix. We notice a complaint and dispositive opinions in certain other litigation by the Judays. *See* Fed. R. Evid. 201; *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (permitting "judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion"). While we discern no "exceptional circumstances" to justify supplementing the appellate record, *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 225–27 (3d Cir. 2009), we do so anyway to reflect our judicial notice and absent any opposition.

[5] Like the District Court, we focus on prior counsel's failure to take discovery, but the Judays also fault their prior counsel for failing to pursue certain tolling arguments. To the extent this issue is preserved, it does not help to show that prior

3

we are unpersuaded that this is a situation in which, "without [Rule 60(b)(6)] relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 115 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)) (internal quotation marks omitted). As the Judays concede, their complaint was filed late. It therefore suffered the appropriate consequence of dismissal.

Because we observe no abuse of discretion in the District Court's Rule 60(b)(6) decision,[6] we will affirm.

---

counsel's conduct was akin to the "wholesale abandonment" in *Boughner*. *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 195 (3d Cir. 1988).

[6] Apparently hedging, the District Court also observed that the Judays' "Rule 60(b)(6) motion seems to rely at least in part . . . on fraudulent concealment or misconduct by an opposing party, a basis for relief under Rule 60(b)(3)." App. 015. "To th[at] extent," *id.*, the motion fell afoul of the one-year limit on Rule 60(b)(3) motions. Fed. R. Civ. P. 60(c)(1). But the Court seemingly conflated the Judays' fraudulent concealment grounds for tolling with a fraud argument for reopening the case under Rule 60(b)(3). We need not rely on this tentative Rule 60(b)(3) ruling. The Judays filed a Rule 60(b)(6) motion that faltered on Rule 60(b)(6) grounds.