GLD-032                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3011
_____

WILLIAM SOLOMON LEWIS,
Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cv-02325)
District Judge: Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2016

Before:   CHAGARES, GREENAWAY, JR., and BARRY, <u>Circuit</u> <u>Judges</u>

(Filed: October 28, 2016)
_____

OPINION*
_____

PER CURIAM

William Solomon Lewis, a federal prisoner proceeding pro se, appeals from an

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

order of the United States District Court for the Middle District of Pennsylvania denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition sought relief from sanctions imposed in prison disciplinary proceedings. We will summarily affirm.

According to the incident report, on November 29, 2012, Recreation Specialist Anderson ordered Lewis to remove his hat, which he refused to do. Anderson instructed Lewis to report to the lieutenant's office. While Lewis was leaving, he stated "you black bitch, I don't have to take shit off!! It's always you black bitches trying to run something! You don't know who I am! I am a motherfucking white man who can get your ass fucked up in this yard, you black bitch! Black bitches don't tell me what to do!"

On November 30, 2012, Lewis was given advanced written notice that he was charged with threatening another with bodily harm in violation of Code 203 and refusing an order in violation of Code 307. During a preliminary investigation, Lewis confirmed that he called Anderson a "black bitch" but denied threatening her. Because of the seriousness of the charges, the Unit Discipline Committee referred the charges to a Disciplinary Hearing Officer ("DHO"). Prior to the hearing, Lewis was informed of his rights and he asked to have a staff member represent him and call witnesses.

On January 13, 2013, a disciplinary hearing was held. Lewis did not present any documentary evidence. Lewis asked for several employees to be called as witnesses; however, prior to the hearing, each requested employee submitted a statement indicating that they either were not present for, or did not observe, the incident. Lewis' staff

representative told the DHO that he had reviewed the video footage of the incident and it did not show if Lewis was talking or not. Finally, Lewis stated that "the only thing I admit to is refusing an order b[y] refusing to take my hat off and calling her a black bitch which is insolence. I made no threats. I said a total of 9 syllables as I walked out the door. I didn't say the 65 syllables as she stated. I was trying to get away from her because I know how she is."

The DHO found that the greater weight of the evidence supported a finding that Lewis committed the prohibited acts of threatening another with bodily harm and refusing to obey an order. The DHO sanctioned Lewis on the Code 203 violation with a disallowance of good conduct time of 27 days, disciplinary segregation of 30 days, loss of commissary privileges for 90 days, loss of telephone privileges for 90 days, and an impounding of personal property for 30 days. The DHO sanctioned Lewis on the Code 307 violation with a loss of commissary privileges for 30 days. The DHO provided a written decision explaining the reasons for the sanctions.

After pursuing administrative remedies, Lewis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his due process rights were violated during the disciplinary proceedings. The District Court denied his petition for habeas corpus. Lewis timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Lewis' procedural due process challenge to the disciplinary hearing was properly brought under § 2241 because

3

it entailed the loss of good time credits.[1]  See Edwards v. Balisok, 520 U.S. 641, 645-46 (1997).  We review the District Court's denial of habeas relief de novo and its factual findings for clear error.  Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

A disciplinary hearing that may result in the loss of good time credit must provide certain due process safeguards to a prisoner, including:  (1) at least 24-hour advance notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written decision explaining the evidence relied upon and the reasons for the disciplinary action.  Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).  The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citations omitted).  This standard is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Id. at 455.  Rather, the relevant inquiry "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id. at 455-56.

---

[1] It appears that Lewis does not challenge his discipline for the Code 307 violation for which he lost 30 days of commissary privileges.  However, even if he were, due process rights are only triggered where the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).  Here, the sanction imposed for the Code 307 violation, a loss of commissary privileges for a short period of time, did not meet this standard.

Here, in concluding that Lewis was guilty of threatening another with bodily harm, the DHO relied on the incident report, supplemental memorandum, the staff eyewitness account, and Lewis' partial admission that he used a slur. Accordingly, the decision was supported by sufficient evidence to comply with the requirements of due process.[2] Lewis' remaining claims also lack merit. He asserted that the DHO should have recused herself because she was biased. This claim of general bias is not sufficient to indicate the type of "direct personal or otherwise substantial involvement . . . in the circumstances underlying the charge" that shows the DHO's impartiality. Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

Finally, Lewis claims that Code 203 is unconstitutionally vague on its face because it places no limits on employee discretion and eliminates any possibility of a defense of staff misconduct.[3] A regulation is void for vagueness if it (1) "fails to give ordinary people fair notice of the conduct it punishes," or (2) is "so standardless that it invites arbitrary enforcement." Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) (citation omitted); see also Meyers, 492 F.2d at 310 ("we reject the view that the degree of specificity required of [prison] regulations is as strict in every instance as that required of ordinary criminal sanctions."). We are not persuaded that Code 203 is

---

[2] Furthermore, we note that the DHO's decision complied with the requirement that a decision must be based on the "greater weight of the evidence" when conflicting evidence is presented. 28 C.F.R. § 541.8(f). The written decision reflects that the description of video footage and Lewis' claim that he did not threaten Anderson was considered, but that the DHO found the greater weight of the evidence to indicate that Lewis had violated Code 203.

5

unconstitutionally vague. It is clear what the regulation prohibits, which limits the possibility of arbitrary and discriminatory application. Moreover, 28 C.F.R. § 541.8(f) places limits on the DHO's discretion by requiring the decision to be based on some facts and, where there is conflicting evidence, on the greater weight of the evidence.

Accordingly, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Code 203 prohibits "threatening another with bodily harm or any other offense."