DLD-038                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2131
_____

WILLIAM SOLOMON LEWIS,
Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-02325)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 20, 2018

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 25, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Lewis appeals pro se the District Court's order dismissing his motion under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2012, while confined at USP-Coleman, Lewis was charged with threatening a prison guard with bodily harm. After a hearing, a Disciplinary Hearing Officer (DHO) found Lewis guilty of the offense and sanctioned him to, among other things, a loss of 27 days of good-conduct time. Lewis filed an action in the District Court under 28 U.S.C. § 2241 claiming that the DHO's decision was not supported by the evidence and that the DHO was biased. The District Court denied the § 2241 petition on June 3, 2016, and we summarily affirmed. See Lewis v. Warden, Canaan USP, 664 F. App'x 153 (3d Cir. 2016) (per curiam) (non-precedential).

On January 19, 2018, Lewis filed a motion under Rule 60(b) in the District Court. He alleged that he had discovered new evidence in support of his claim that the DHO was biased. That evidence was an article published in the USA Today on April 10, 2017, entitled "Federal Prison Bonuses Stir Outrage." The article reported that prison administrators and wardens had received bonuses notwithstanding the fact that the prisons were facing numerous problems, including "a sexual assault lawsuit involving hundreds of current and former female staffers who alleged that prison managers repeatedly failed to protect them from years of horrific sexual harassment threats from inmates." D.C. dkt. #25 at pg. 4. The lawsuit was apparently a class action brought by

2

women who worked at USP-Coleman. Based on this article, Lewis concluded that the DHO was a member of the class-action lawsuit and that this lawsuit gave her a financial interest in ruling against him in his disciplinary proceeding. The District Court dismissed the motion as untimely, and Lewis filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying relief under Rule 60(b) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

The District Court did not err in denying Lewis's motion. Lewis's motion is probably best interpreted as arising under Rule 60(b)(2), which permits a court to relieve a party from a final judgment when the party offers "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Rule 60(b)(2); see also Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). However, a motion under Rule 60(b)(2) must be filed within one year of the judgment that is challenged; here, Lewis filed his Rule 60(b) motion more than 19 months after the District Court's judgment. Therefore, as the District Court concluded, the motion was untimely.

Lewis might also attempt to proceed under Rule 60(b)(6). A motion under Rule 60(b)(6) must be filed "within a reasonable time." Rule 60(c)(1). Even assuming that Lewis's motion is timely under that standard, cf. Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time), he has failed to demonstrate the requisite

3

"extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur," Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

While Lewis is correct that he was entitled to an impartial hearing officer, see Wolff v. McDonnell, 418 U.S. 539, 571 (1974), the newspaper article does not meaningfully challenge the DHO's impartiality. The article does not show that the DHO was a member of the class action, let alone that the DHO could have somehow advanced that lawsuit—which accused prison managers of failing to respond to inmate misconduct—by finding Lewis guilty of the offense. At bottom, Lewis simply has provided no reason to believe that the DHO had a "direct, personal, substantial, and pecuniary" interest in his case. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 825-26 (1986) (quotation marks, alteration omitted) (rejecting claim that justices who were members of a class action were not impartial in a related case); see generally Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974) ("the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substant[i]al involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body").

Accordingly, we will summarily affirm the District Court's judgment.

4