**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2494
_____

DAVID L. THOMAS,
                    Appellant

v.

DANIEL SCHLOSSER; SALVADOR OCCHIPINTI;
DENNIS RALPH; PIERRE ELHAJJAR; J.C. PENNEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-97-cv-02733)
District Judge:  Honorable Susan D. Wigenton
_____


_____

No. 16-2495
_____

DAVID THOMAS,
                    Appellant

v.

BERGEN PINES HOSPITAL; DR. DUANE DYSON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-97-cv-04260)
District Judge:  Honorable Susan D. Wigenton
_____

_____

No. 16-2496
_____

DAVID L. THOMAS,

Appellant

v.

BERGEN COUNTY SHERIFFS DEPARTMENT;
RACHELSON, OFC. FIRST NAME UNKNOWN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-97-cv-04911)
District Judge:  Honorable Susan D. Wigenton

_____
Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2016

Before:  FISHER, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 10, 2016)
_____

OPINION[*]
_____

PER CURIAM

In these consolidated appeals, pro se appellant David Thomas appeals the District

Court's orders denying his requests to reopen three actions and to amend his complaint in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

two of those cases. For the reasons detailed below, we will affirm the District Court's judgments.

In 1997, Thomas filed three civil-rights actions in the District Court. See D.N.J. Civ. A. Nos. 97-2733, 97-4260, 97-4911. The allegations in the complaints overlap substantially. In short, Thomas's claims arose from a June 25, 1996 incident in which he was accused of shoplifting and threatening employees of a J.C. Penney store with a knife. He sued the store, its employees, the police officers who arrested him, doctors who treated him after he allegedly sustained injuries in the course of his arrest, and officers from the prison where he was eventually held. The District Court dismissed these complaints in 1997 and 1998.

In April 2016 — nearly 20 years after his complaints were dismissed — Thomas filed an identical one-page motion to reopen in each case. The motion did not meaningfully explain either why reopening was justified or why Thomas was seeking reopening at such a late date. In two of the actions, he also filed proposed amended complaints. See Civ. A. No. 97-2733 dkt. #37-1; Civ. A. No. 97-4260 dkt. #22-1. The District Court denied the motions, explaining that Thomas had "provide[d] no reason why the Court should provide any such relief." Thomas filed timely notices of appeal in the three cases, and we consolidated the appeals.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's orders for abuse of discretion. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

3

The District Court acted well within its discretion here. Thomas did not rely on any particular rule in seeking reopening; we will construe his motion as arising under Fed. R. Civ. P. 60(b). See id. at 208. Thomas is not entitled to relief under any subsection of Rule 60(b). A motion under Rule 60(b)(1)–(3) must be filed within one year of the judgment that is challenged, and a motion under Rule 60(b)(5)–(6) must be filed "within a reasonable time." Rule 60(c)(1). Thomas filed his motions more than 15 years after the adverse judgments, which is plainly untimely under either standard. See, e.g., Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time).

While these time limits do not apply to motions under Rule 60(b)(4), see United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000) (en banc), Thomas does not claim that the District Court "lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law,'" Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 266 (1883)). Moreover, to be entitled to relief under Rule 60(b)(6), Thomas must show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Thomas has not identified any circumstances, let alone extraordinary ones, that would justify reopening.

4

For similar reasons, the District Court did not err in refusing to permit Thomas to amend his complaints. See generally Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230-31 (3d Cir. 2011) (discussing standards governing post-judgment motions to amend). A Court can deny leave to amend on the ground of undue delay; "[d]elay may become undue when a movant has had previous opportunities to amend a complaint." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). Here, Thomas sought to amend his complaints to present allegations concerning events that occurred in 1996 and 1997 and that were known to him at that time. He has provided no explanation for his failure to include these allegations in his initial complaints (or his failure to attempt to amend earlier). In these circumstances, Thomas's delay in seeking amendment was undue, and the District Court properly refused to allow amendment. See id. at 273-74; see also Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 368 (3d Cir. 2013).

Accordingly, we will affirm the District Court's judgments.