**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2547
_____

EMILE HERIVEAUX; CHITA ALIPERIO,

Appellants

v.

DURKIN & DURKIN, LLC.; M. MURPHY DURKIN, individually and as an agent of
DURKIN & DURKIN, LLC.; KEARNY BANK, formerly known as KEARNY
FEDERAL SAVINGS BANK

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-13148)
District Judge: Honorable Kevin McNulty

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2021

Before: AMBRO, PORTER and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: February 8, 2021)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellants Emile Heriveaux and Chita Aliperio appeal the District Court's order denying their motion under Fed. R. Civ. P. 60(b). For the reasons detailed below, we will affirm the District Court's order.

In 2007, Aliperio obtained a loan of $650,000 from Fairmont Lending, LTD, and executed a note in which she promised to make monthly payments against the loan. To secure payment, Aliperio and Heriveaux executed a mortgage on their property in New Jersey in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Fairmont. The mortgage and note were transferred several times; it appears that MERS executed three invalid assignments, which it subsequently corrected, and the mortgage and note came to be held by Kearny Federal Savings Bank. Aliperio and Heriveaux stopped paying the loan, property taxes, and homeowner's insurance in June 2011.

In 2016, Kearny Bank filed a foreclosure action in New Jersey state court. Aliperio and Heriveaux filed an answer and counterclaims in which they alleged that, due to the allegedly invalid assignments, Kearny had no right to foreclose. A trial court rejected Aliperio and Heriveaux's defenses and concluded that Kearny was permitted to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

foreclose.  See ECF No. 24-4 at 33–54.  Aliperio and Heriveaux next filed a complaint in federal court in which they "sought to use the RICO Act to challenge several assignments of their mortgage note, the use of their mortgage (or a duplicate thereof) in credit default swap ('CDS') contracts, the collection of some payments toward the mortgage note, and activities relating to foreclosure proceedings."  Aliperio v. Bank of Am., N.A., 764 F. App'x 236, 237–38 (3d Cir. 2019) (per curiam).  The District Court dismissed the complaint, and we affirmed.  See id. at 240.

Aliperio and Heriveaux then filed the complaint at issue in this appeal, in which, based on similar factual allegations, they asserted that Kearny and a law firm it retained violated the Fair Debt Collections Practices Act and committed robbery and conversion. See ECF No. 1.  With a Magistrate Judge's permission, the defendants filed a motion for summary judgment.  Aliperio requested a one-month extension of time to respond to the motion, explaining that Heriveaux was recovering from a hemorrhagic stroke.  See ECF No. 25.  The defendants did not oppose the motion, and the District Court granted it.  See ECF No. 26.  Aliperio did not request any further extensions, and she and Heriveaux filed a response by the extended deadline.  The District Court then granted the motion for summary judgment and entered a final order.  See ECF Nos. 32–33.

Thirty-two days later, Aliperio and Heriveaux filed a motion to reopen the case. See ECF No. 34.  Without invoking any particular rule, they claimed that the defendants had taken advantage of Heriveaux's medical condition, which had prevented them from filing a proper response to the motion for summary judgment.  They also asserted that the defendants had wrongly claimed that they had not fully responded to discovery, and

3

presented various substantive arguments concerning the assignments of the note and mortgage and the foreclosure proceedings.

A Magistrate Judge recommended that the District Court deny the motion. The Magistrate Judge concluded that the motion was best construed as arising under Rule 60(b)(3) or (b)(6) of the Federal Rules of Civil Procedure and that Aliperio and Heriveaux were not entitled to relief. See ECF No. 36. The District Court approved and adopted that report and recommendation. See ECF Nos. 40–41. Aliperio and Heriveaux appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our jurisdiction, however, is limited to review of the District Court's order denying Aliperio and Heriveaux's Rule 60(b) motion. A notice of appeal must be filed within 30 days of the order that the party seeks to appeal. Fed. R. App. P. 4(a)(1). The District Court entered its order granting summary judgment on January 30, 2020. Because Aliperio and Heriveaux did not file their Rule 60(b) motion within 28 days of that order, it did not toll the time to appeal. See Fed. R. App. P. 4(a)(4)(A)(iv) & (vi); Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010). Aliperio and Heriveaux filed their notice of appeal on July 28, 2020— more than 30 days after the District Court's order granting summary judgment—and we therefore lack jurisdiction over that order. See Bowles v. Russell, 551 U.S. 205, 214 (2007). The notice of appeal is timely as to the District Court's order denying the Rule 60(b) motion. We review that order for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). A court abuses its discretion when it grounds its decision "upon a clearly erroneous finding of fact, an errant conclusion of law or an

4

improper application of law to fact." Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (internal quotation marks and citation omitted).

The District Court did not abuse its discretion here. To prevail on a Rule 60(b)(3) motion, Aliperio and Heriveaux were required to establish, by clear and convincing evidence, see Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960), that the defendants engaged in fraud or other misconduct and that this misconduct prevented Aliperio and Heriveaux from fully and fairly presenting their case, see Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). They claim that the defendants exploited Heriveaux's medical condition, but nothing in the record supports this claim. The defendants did not object when Aliperio asked for an extension of time to respond to the summary judgment motion, and Aliperio did not subsequently request any further accommodations. Further, the discovery issue to which Aliperio and Heriveaux refer was resolved before the defendants filed their motion for summary judgment, see ECF No. 22, and played no role in the District Court's summary-judgment decision.

Nor were Aliperio and Heriveaux entitled to relief under Rule 60(b)(6).[1] Rule 60(b)(6) covers "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Although Aliperio and Heriveaux now claim that health issues prevented them from adequately responding

---

[1] We agree with the District Court that Aliperio and Heriveaux's motion is best interpreted as arising under Rule 60(b)(3) and (b)(6).

5

to the defendants' motion for summary judgment, they did not say so at the time, either in a second motion for an extension of time or in their summary-judgment response. Further, their response did present their primary arguments concerning the alleged problems with the chain of title. Thus, the District Court did not abuse its discretion in concluding that extraordinary circumstances were not present. Aliperio and Heriveaux also asserted arguments attacking the District Court's underlying decision on the merits, but "[a] request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal." Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (alteration omitted) (quoting Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 653 (3d Cir. 1998)).

Accordingly, we will affirm the District Court's order.